# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUNE LIVAS,<br><br>        Plaintiff,<br><br>    v.<br><br>L. DIAZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:12-cv-01447-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 12)<br><br>FIFTEEN-DAY OBJECTION DEADLINE |

**Findings and Recommendations Recommending Dismissal of Action**

**I.    Screening Requirement and Standard**

    Plaintiff Saune Livas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 5, 2012. On March 25, 2013, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Discussion**

    **A.     Allegations**

Plaintiff, who is currently incarcerated at California State Prison-Corcoran, brings this action against North Kern State Prison Correctional Officers Diaz, Escobedo, and Tobias for use of excessive physical force, in violation of his rights under the Eighth Amendment of the United States Constitution. Plaintiff alleges that the incident resulted in damage to the fistula he had surgically placed in his lower right arm on August 8, 2011, in preparation for dialysis.

Plaintiff alleges that after breakfast on September 26, 2011, he was notified that he needed to hurry and report to the work exchange for an appointment at San Joaquin Hospital. In the process of doing so, Plaintiff was stopped by Defendant Tobias, who questioned him regarding where he was

///

going and directed him to walk all the way back around the yard. Plaintiff tried to explain that he was in a hurry to meet his escorts, who were waiting for him on the yard side of the field.

Defendant Tobias took an aggressive stance and demanded Plaintiff's ID card. Plaintiff held up his ID card, but Defendant Tobias was busy yelling at him and ordered him to turn around to be handcuffed. Plaintiff asked what he did two or three times with no response, and he then turned around to be handcuffed. Plaintiff tried to show Defendant Tobias that he was hurting Plaintiff and possibly damaging the fistula in Plaintiff's lower right arm, but Defendant took that as a sign Plaintiff was trying to hit him.

Defendants Escobedo and Diaz then came over and started grabbing Plaintiff, which caused Plaintiff and Defendant Tobias to lose their balance and fall to the ground. Plaintiff placed his hand in front of his stomach to break his fall. Defendants were on top of Plaintiff, which prevented him from moving his hand from front to behind his back to be handcuffed. Defendants Tobias and Diaz twisted his arm beyond the normal level to restrain someone, and Defendant Escobedo climbed on Plaintiff's upper back, applied his hands under Plaintiff's throat, pulled back, and told Plaintiff to stop resisting. The incident lasted a couple of minutes and once the handcuffs were applied, another officer walked up, pulled out his pepper spray, placed it to Plaintiff's nose, and told him that if he moved, he would be sprayed. Plaintiff was then taken to the program office and on the way, he saw Sergeant Sanchez standing there silently watching what his officers did to Plaintiff.

Plaintiff was seen by Nurse Perez afterward, but he did not see a yard doctor to determine if his fistula was still working. Plaintiff returned to San Joaquin Hospital on December 6, 2011, for a follow-up appointment and he was told by Dr. Varanassi that his fistula was no longer working.

  **B.**   **Eighth Amendment Excessive Force Claim**

    **1.**   **Legal Standard**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy,

559 U.S. 34, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency.  Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Wilkins, 559 U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action.  Wilkins, 559 U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  Wilkins, 559 U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotation marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 1178.

### 2. **Findings**

Viewed in the light most favorable to Plaintiff, his allegations do not support a plausible Eighth Amendment claim for the use of excessive physical force, as the use of force was not malicious and sadistic under the circumstances described.  To the contrary, at best, the incident arose out of a misunderstanding between Plaintiff and Defendants, and at worst, it arose out of Plaintiff's failure to immediately comply with Defendant Tobias's orders.

While the Court accepts as true that Plaintiff was only trying to explain he was in a hurry to meet an escort team and he was only trying to show Defendant Tobias he had a fistula in his arm, Plaintiff was nevertheless not immediately compliant with orders and, critically, Defendant Tobias thought Plaintiff was trying to hit him. In a prison setting, neither action is permissible, as any perceived threat to staff is inconsistent with the need to maintain discipline.

Further, while Plaintiff was told three months later that his fistula was no longer working, at most, his injury was confined to a damaged fistula and some abrasion-type injuries.[1] While the lack of significant injury is not dispositive of the matter, the Court finds that based on all the facts pled, the incident amounted to nothing more than a *de minimis* use of force.

### III.    Conclusion and Recommendation

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983 for use of excessive physical force. The Court is mindful that leave to amend should be granted "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012) (internal quotation marks and citation omitted). In this instance, however, Plaintiff's factual allegations are clear and comprehensive, but the incident does not rise to the level of a constitutional violation. For Plaintiff to cure the deficiencies identified and state a cognizable claim, Plaintiff would have to allege facts which directly contradict those currently set forth in his amended complaint.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983 for use of excessive physical force.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

---

[1] Attached to Plaintiff's original complaint is a medical record indicating he sustained some abrasions, bruises, and swelling.

5

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:      March 27, 2013**                                  /s/ Sheila K. Oberto
                                                                        UNITED STATES MAGISTRATE JUDGE