# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUNE LIVAS, | CASE NO. 1:12-cv-01447-LJO-SKO PC |
| Plaintiff, | ORDER ADDRESSING UNTIMELY OBJECTION |
| v. | (Doc. 15) |
| L. DIAZ, et al., | |
| Defendants. | |

Plaintiff Saune Livas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 5, 2012. On April 23, 2013, the Court issued an order adopting the Magistrate Judge's findings and recommendations in full and dismissing this action, with prejudice, for failure to state a claim. 28 U.S.C. § 1915A. On April 22, 2013, Plaintiff filed an untimely objection to the findings and recommendations, which was not yet docketed when the Court issued its dismissal order. Although Plaintiff's objection is untimely, the Court will address it in the interest of justice, *see Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012), and determine whether Plaintiff is entitled to have the dismissal order set aside, Fed. R. Civ. P. 60(b)(6); Local Rule 230(j).[1]

While Plaintiff may be able to pursue a claim for relief in state court for violation of California tort law, the events at issue do not rise to the level of a constitutional violation for the reasons articulated in detail in the findings and recommendations. Plaintiff's disagreement with that

---

[1] Plaintiff's objection was due on or before April 15, 2013, but it was not served by mail until April 17, 2013. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

1

1  assessment provides no basis for relief from the order.

2      The facts set forth in the amended complaint, which include Plaintiff's concession that the incident began when Plaintiff failed to obey orders and escalated when Defendant Tobias thought Plaintiff was attempting to strike him, do not support a claim for violation of the Eighth Amendment. Accepting as true that Plaintiff was initially only trying to explain himself and that he was only trying to show Defendant Tobias the fistula in his arm, the facts fail to support a claim that Defendants acted maliciously and sadistically for the very purpose of harming Plaintiff. *Wilkins v. Gaddy*, 559 U.S. 34, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam).  Furthermore, the facts do not support a claim under the alternate Eighth Amendment theory that Defendants acted with deliberate indifference to a substantial risk to Plaintiff's safety. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010). (Obj., p.4.) As the Magistrate Judge recognized, for Plaintiff to state a claim, he would have to allege facts which directly contradict those set forth in his amended complaint under penalty of perjury and therefore, leave to amend will not be granted. *Akhtar*, 698 F.3d at 1212-13.

    Accordingly, Plaintiff's objection has been considered and addressed despite being untimely filed, but there are no grounds presented which persuade the Court that Plaintiff is entitled to relief from the dismissal order.  Fed. R. Civ. P. 60(b)(6); Local Rule 230(j).

IT IS SO ORDERED.

Dated:   **April 23, 2013**          /s/  **Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE